**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHELLE BANKS**                                                     **PLAINTIFF**

**V.**                         **CIVIL ACTION NO.: 5:20-CV-00176-DCB-MTP**

**CLAIBORNE COUNTY SCHOOL**                         **DEFENDANT**
**DISTRICT**

## FINAL PRETRIAL ORDER

1. A pretrial conference was held on January 6, 2022 at 10:00 a.m., before Magistrate Judge Michael Parker.

2. The following counsel appeared:

   a. For the Plaintiffs:

   | Name | Postal and Email Addresses | Telephone No. |
   |---|---|---|
   | Nick Norris | 4209 Lakeland Drive # 365<br>Flowood, MS 39232-9212<br>nick@watsonnorris.com | 601-968-0000 |

   b. For the Defendant:

   | Name | Postal and Email Addresses | Telephone No. |
   |---|---|---|
   | KaShonda L. Day | Adams and Reese LLP<br>1018 Highland Colony Parkway<br>Ridgeland, MS 39157 | 601-292-0785 |

3. The pleadings are amended to conform to this pretrial order.

4. The following claims (including claims stated in the complaint, counterclaims, cross claims, third-party claims, etc.) have been filed: Family and Medical Leave Act (FMLA) retaliation, Wrongful Termination Claim-retaliation related to jury service and unpaid overtime in violation of the Fair Labor and Standards Act (FLSA).

5. The basis for this court's jurisdiction is: 28 U.S.C. §§ 1331

6.     The following jurisdictional questions remain: None.

7.     The following motions remain pending: None

8.     The parties accept the following **concise** summaries of the ultimate facts as claimed by:

    a.    **Plaintiff**:

Plaintiff was hired by Defendant, Claiborne County School District (CCSD) on August 4, 2012, as Administrative Secretary/Bookkeeper. In September of 2015, Plaintiff was promoted to the position of Administrative Assistant to the Principal Edwin Smith. In June or July of 2019, Kelvin Fuller replaced Edwin Smith as the principal. Beginning on August 30, 2019, Plaintiff took FMLA leave related to a diagnosis of Meniere's disease. On January 16, 2020, Plaintiff received a letter dated January 9, 2020 from CCSD Business Office Manager/Human Resources Clerk, Rhonda Cook, stating that if she did not return to work by January 30, 2020, it would be considered as though Plaintiff had resigned from her position with CCSD.

On January 30, 2020, however, Plaintiff was called upon to fulfill her civic responsibility by performing Jury Duty. On the morning of January 30, 2020, at 7:18 a.m., Plaintiff texted Ms. Cook, to inform her that she needed to speak to her urgently. Ms. Cook did not respond to Plaintiff's text. Plaintiff then called the CCSD office to speak to Ms. Cook at 7:21 a.m. but received no response again. Plaintiff then called the CCSD office again at 8:20 a.m. and finally managed to speak to Ms. Cook. During that phone call between Plaintiff and Ms. Cook, Plaintiff informed Ms. Cook that she had to serve Jury Duty that day. Ms. Cook responded that Plaintiff needed to inform Superintendent, Dr. Kilcrease, about the matter. During a break from Jury Duty, at around 1:00 p.m.,

Plaintiff went to the CCSD office and asked if she could speak to Superintendent Dr. Kilcrease's Assistant, Mary McKay, in the hopes of being able to speak to Dr. Kilcrease. Plaintiff then met with Ms. McKay and explained to her that she was serving Jury Duty that day but would report to work following the end of Jury Duty. Ms. McKay recorded the information and stated that she would present it to Dr. Kilcrease as soon as she returned. Ms. McKay also stated that she would have Dr. Kilcrease call Plaintiff back about the matter. However, Plaintiff never heard back from Dr. Kilcrease. After leaving the CCSD office, Plaintiff called and again spoke to Ms. Cook, informing her that she (Plaintiff) had left a message with Ms. McKay for Dr. Kilcrease. Ms. Cook reiterated that Plaintiff needed to notify Kilcrease about the matter of her being in Jury Duty. Plaintiff was released from Jury Duty at 3:45 p.m., and at that time, Plaintiff went to speak to Principal Kelvin Fuller. Principal Fuller notified Plaintiff at that time that he had referred another person, Kristen Alexander, to replace her (Plaintiff) as his Administrative Assistant. Principal Fuller stated that Plaintiff need not report to work anymore.

On January 31, 2020, Plaintiff called the CCSD office two more times (at 1:31 p.m. and 3:09 p.m.) in an attempt once again to speak to Dr. Kilcrease but was unable to reach her. Plaintiff spoke to Ms. Cook once again, but Ms. Cook merely reiterated that Plaintiff needed to speak to Kilcrease. During Plaintiff's employment with the Defendant, from 2018 forward to Plaintiff's date of termination, due to the heavy workload, it was common for Plaintiff to work 10-to-11-hour workdays (e.g., 7am to 6pm or even 7pm minus an hour lunch break). This led Plaintiff to working 50 to 55 hours a week on average. So, around mid-2019, Plaintiff spoke to Principal Fuller and asked about the possibility of being paid overtime, given her long hours. At that point, Principal Fuller

stated that he refused to sign off on any overtime. Subsequently, Plaintiff regularly clocked out at 4pm even though she often had to continue working until 6pm or 7pm to complete all her work. There were some days; however, when Plaintiff was so busy that she was unable to clock out until closer to 5pm, and therefore the weekly time sheet would reflect that she had worked 42 or 43 hours per week. When this happened, Business Manager Ms. Cook told Plaintiff to change her time sheets to indicate 40-hour work weeks. Ms. Cook made it clear to Plaintiff that if she refused to comply with this directive she would be terminated.

After Plaintiff had approached Principal Fuller regarding overtime pay, and after Plaintiff had taken FMLA leave, along with just one day of jury duty, the Defendant, Claiborne County School District, terminated Plaintiff in retaliation for requesting overtime pay and taking FMLA leave. Defendant lacks any reason that exists for a justifiable termination. Instead, Plaintiff was replaced before being able to return to work on January 30, 2019, just as Ms. Cook informed Plaintiff to do in the letter she received from the Defendant on January 16, 2020, dated January 9, 2020.

   b.   **Defendants**:

Plaintiff is a former bookkeeper/secretary employed with the Claiborne County School District. Plaintiff was an at-will employee. During Plaintiff's tenure with the District, there is no record that Plaintiff was not compensated for her regular work hours or overtime work hours. Plaintiff was always compensated for her normal work hours and overtime work hours. On October 25, 2018 and November 9, 2018, Dr. Annie Kilcrease, the former Superintendent, sent notices specifically prohibiting unauthorized overtime. In her notices, Dr. Kilcrease warned supervisors that they would be

4

responsible for reimbursing the District for payment of unauthorized overtime. On November 9, 2018, Plaintiff received a personal notice informing Plaintiff that there should be no overtime unless Dr. Kilcrease approved it. All three notices warned employees and Ms. Banks that failure to adhere to the overtime mandates could result in disciplinary action, including suspension and termination. Plaintiff acknowledged receipt of these notices.

Plaintiff did not have permission to work overtime. Dr. Kilcrease did not authorize Plaintiff to work overtime. Dr. Kilcrease did not demand that Plaintiff work overtime. Dr. Kelvin Fuller, the principal of the high school where Plaintiff worked, did not require Plaintiff to work overtime. Plaintiff never discussed overtime pay with Dr. Fuller or Dr. Kilcrease. No one within the Claiborne County School District authorized Plaintiff to work overtime. The District's FLSA policy specifically states, "No overtime shall be worked without prior written permission by the employee's immediate supervisor." Further, no one within the Claiborne County School District either suggested, encouraged or demanded that Plaintiff revise her time sheets to exclude overtime hours, authorized or unauthorized. Nevertheless, Plaintiff was always compensated for any overtime that she worked.

On or about September 6, 2019, Plaintiff requested leave under the FMLA from August 30, 2019. Initially, the District granted Plaintiff leave from August 30, 2019 through January 21, 2020. Realizing that it incorrectly calculated Plaintiff's twelve weeks of leave under the FMLA, the District recalculated Plaintiff's leave from August 30, 2019 through December 4, 2019.

On December 2, 2019, Plaintiff requested an extension of her leave. The District extended Plaintiff's leave to January 30, 2020. On January 9, 2020, Ms. Rhonda Cook, District payroll/benefits clerk, sent Plaintiff a letter documenting the extension of Plaintiff's leave under the FMLA and informing Plaintiff that the District cannot hold her position beyond January 30, 2020 and her failure to return would constitute a resignation. However, Plaintiff did not return to work on January 30, 2020. According to Plaintiff, she received a jury summons commanding Plaintiff to appear for jury service on January 30, 2020. Plaintiff was able to report to jury duty. No one within the Claiborne County School District ever verbalized to Plaintiff that her reporting for jury duty or being absent from work due to jury service was an issue. Plaintiff was not selected for jury duty. No one within the Claiborne County School District was aware of Plaintiff's jury summons until January 30, 2020, weeks after Plaintiff was made aware that her employment with the District was in jeopardy based on her failure to report to work after the expiration of her leave under the FMLA.

On February 28, 2020, the District sent Plaintiff a correspondence informing Plaintiff that she failed to communicate with the District with respect to her return to work date. The District also asked Plaintiff to contact the District to discuss reasonable accommodations. Finally, the correspondence cautioned Plaintiff that she must contact the District by March 18, 2020, or the District would have no choice but to terminate Plaintiff's employment. This correspondence was hand-delivered to Plaintiff by the District's Campus Police Chief, Terrance Watson. Plaintiff refused to accept the correspondence.

On April 8, 2020-after Plaintiff failed to contact the District and over seven months after Plaintiff initially took leave- the District sent Plaintiff a correspondence informing Plaintiff that her position was terminated effective March 20, 2020. Plaintiff's replacement, Kristen Alexander, was not hired until April 8, 2020 when the District's Board of Trustees approved Ms. Alexander's assignment to Plaintiff's former position. Plaintiff's termination was completely unrelated to her FMLA or jury service.

9.   a.   The following facts are established by the pleadings, by stipulation, or by admission:

1. Plaintiff was hired by Defendant, Claiborne County School District ("CCSD") on August 4, 2012, as a tutor and teacher's assistant.
2. In September 2015, Plaintiff was promoted to the position of Administrative Assistant to the principal.
3. Beginning on August 30, 2019, Ms. Banks took FMLA leave related to a diagnosis of Meniere's disease.
4. The Defendant originally granted Ms. Banks FMLA leave until January 21, 2020.
5. On December 2, 2019, Ms. Banks requested an extension of her leave, and the Defendant agreed to extend it to January 30, 2020.
6. On January 16, 2020, Ms. Banks received a letter dated January 9, 2020 from CCSD Business Office Manager/Human Resources Clerk, Rhonda Cook, stating that if she did not return to work by January 30, 2020, it would be considered as though Plaintiff had resigned from her position with CCSD.
7. On January 30, 2020, Ms. Banks was called upon to fulfill her civic responsibility by performing Jury Duty. However, Ms. Banks was not chosen for Jury Duty.
8. On April 9, 2020, Defendant sent Ms. Banks a letter informing her that she had been terminated.
9. On July 2, 2020, Ms. Banks filed her complaint.

  b.   The contested issues of fact are as follows:

1. Whether Plaintiff was paid for all overtime hours worked.
2. Whether Plaintiff was authorized to work overtime hours.
3. Whether the Defendant was aware that Plaintiff worked overtime hours other than the overtime hours that Plaintiff was compensated for.
4. Whether Plaintiff was terminated for taking FMLA leave.
5. Whether Plaintiff was terminated for serving jury duty.

          6. The amount of back wages owed, if any.
          7. The amount of compensatory damages owed, if any.
          8. The amount of punitive damages owed, if any.

    **c.**    The contested issues of law are as follows:

          1. Whether liquidated damages should be awarded to Plaintiff regarding her overtime claim.
          2. Whether liquidated damages should be awarded to Plaintiff regarding her FMLA retaliation claim.
          3. Whether Plaintiff is entitled to compensatory damages, and if so, how much.
          4. Whether Plaintiff is entitled to punitive damages, and if so, how much.
          5. Whether Plaintiff is entitled to attorney fees and costs, if any.
          6. Whether Plaintiff is entitled to reinstatement or future wages.

**10.** The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

    **a.**    **To be offered by the Plaintiff:**

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

P-1    Plaintiff's Phone Records (Banks0006-17)
P-2    October 25, 2018, memorandum from Dr. Kilcrease
P-3    November 9, 2018, written reprimand to Plaintiff
P-4    November 9, 2018, memorandum from Dr. Kilcrease
P-5    Jury Summons (Banks00018-21)
P-6    January 9, 2020 letter from Rhonda Cook
P-7    Approval of FMLA leave dated September 9, 2019
P-8    Letter from Rhonda Cook dated November 7, 2019
P-9    Letter from Rhonda Cook dated December 3, 2019
P-10    Job description for Bookkeeper/Secretary
P-11    Letter from Dr. Kilcrease dated February 28, 2020
P-12    Partial Time sheets for Plaintiff (CCSD000133-137)
P-13    Time clock exceptions for Plaintiff (CCSD000138-141)
P-14    Letter from Dr. Kilcrease dated April 9, 2020
P-15    Pay records of Plaintiff (CCSD000113-132)

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding

exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

P-1  Lack of Authentication inasmuch as this document has not been identified as true and accurate by a competent witness, this document is not relevant to either party's claims or defenses, and constitutes inadmissible hearsay.
Federal Rules of Civil Procedure 401, 801, 901

P-3  Improper Characterization inasmuch as the title of this document, *written reprimand* is inaccurate, misleading, highly prejudicial and would not be helpful to a jury.

**b.   To be offered by the Defendant:**

D-1   Plaintiff's FMLA file with the Claiborne County School District-000001-27
D-2   Claiborne County School District FMLA policy-000027-29
D-3   Claiborne County School District FLSA policy-000030-31
D-4   October 25, 2018 email regarding unauthorized overtime-000032-33
D-5   Second Notice regarding unauthorized overtime-000034
D-6   First Notice regarding unauthorized overtime-000035
D-7   Third and Final Notice regarding unauthorized overtime-000036
D-8   Plaintiff's personnel file-000037-107
D-9   February 28, 2020 correspondence to Plaintiff regarding return to work and reasonable accommodations.-000111
D-10  Continuation of Plaintiff's personnel file (PERS Documentation)-000112-113
D-11  Plaintiff Check Registers-000114-132
D-12  Plaintiff's time sheets-000133-137
D-13  Plaintiff's time clock exception forms-000138-141
D-14  Absence/Leave Reports-000142-143
D-15  March 20, 2018 doctor's excuse-000144
D-16  Certificates to Return to work-000145-147
D-17  Bookkeeper/Secretary job description-000148
D-18  American Fidelity claim documents-000149-156
D-19  April 8, 2020 Board Meeting Agenda-000157
D-20  April 8, 2020 Board Meeting minutes-000158-161
D-21  January 14, 2020 email to Plaintiff from Ms. Rhonda Cook-000162-164
D-22  April 9, 2020 termination letter-000165
D-23  December 2, 2019 email between Plaintiff and Ms. Rhonda Cook-000166-167
D-24  July 12, 2019 email between Plaintiff and Ms. Rhonda Cook-000169
D-25  May 24, 2019 email between Ms. Cook and other employees-000170-171
D-26  January 28, 2019 email between Plaintiff and Ms. Rhonda Cook-000172-173
D-27  November 9, 2018 email between Ms. Rhonda Cook and Plaintiff-000175
D-28  August 9, 2018 email between Ms. Rhonda Cook and other employees-

      000176
- D-29  June 11, 2018 email between Ms. Rhonda Cook and other employees- 000177-178
- D-30  April 12, 2018 email between Plaintiff and Ms. Rhonda Cook-000179
- D-31  March 8, 2018 email between Terrance Watson and Ms. Rhonda Cook; Plaintiff is copied 000180

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

- D-10  - relevance
- D-15  - relevance
- D-18  - relevance
- D-27  - relevance
- D-28  - relevance
- D-29  - relevance
- D-30  - relevance
- D-31  - relevance

11. The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

    Parties may use enlarged copies of any exhibit identified above.

    Objections, if any, to use of the preceding objects are as follows:

    If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

12. The following is a list of witnesses the parties anticipate calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

**By Plaintiff:**

| Name | Will/May Call | [F]act/ [E]xpert [L]iability/ [D]amages | City, State |
|---|---|---|---|
| Michelle Banks | Will | F/L/D | Lorman, MS |
| Annie Kilcrease | May | F/L/D | Port Gibson, MS |
| Mary McKay | May | F/L/D | Port Gibson, MS |
| Edwin Smith | May | F/L/D | Port Gibson, MS |
| Kelvin Fuller | May | F/L/D | Port Gibson, MS |
| Rhonda Cook | May | F/L/D | Port Gibson, MS |
| Kristen Alexander | May | F/L/D | Port Gibson, MS |

**By Defendant:**

| Name | Will/May/ Call | [F]act/ [E]xpert/ [L]iablility [D]amages | City, State |
|---|---|---|---|
| Ms. Michelle Banks | May | F/L/D | Port Gibson, MS |
| Dr. Annie Kilcrease | May | F/L/D | Port Gibson, MS |
| Ms. Mary McKay | May | F/L/D | Port Gibson, MS |
| Mr. Kelvin Fuller | May | F/L/D | Port Gibson, MS |
| Ms. Rhonda Cook | Will | F/L/D | Port Gibson, MS |
| Ms. Rhonda Stacker | May | F/L/D | Port Gibson, MS |
| Mr. Terrance Watson | May | F/L/D | Port Gibson, MS |

Defendant reserves the right to call Plaintiff and any and all witnesses for Plaintiff.

Will testify live.

11

Will testify by deposition: None will testify by deposition

> State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

14. This is a jury case.

15. Counsel suggests the following additional matters to aid in the disposition of this civil action:

    None.

16. Counsel estimates the length of the trial will be 4 days.

17. As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the 13th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE

/s/ Robert N. Norris
    Attorney for Plaintiff


/s/ KaShonda L. Day
    Attorney for Defendant

Entry of the preceding Pretrial Order is recommended by me on this, the 10th day of January, 2022.

_____ s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE